UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HARRISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Officer J. SAMPLE; et al.,<br><br>　　　　Defendants.　　　　　　　　／ | No. C 07-959 SI (pr)<br><br>**ORDER UPON INITIAL REVIEW** |

### INTRODUCTION

Marcus L. Harrison, currently incarcerated at Pelican Bay State Prison, filed this action in state court, alleging that defendant's refusal to provide him with a medication inhaler when he requested it for an asthma attack violated his constitutional rights. Defendant, a correctional officer at Pelican Bay, removed this action to federal court based on federal question jurisdiction. See 28 U.S.C. § 1331, 1441(b). The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A. The court also considers defendants' "Motion That The Court Screen Plaintiff's Complaint Under 28 U.S.C. § 1915A."

### DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Harrison's asthma inhaler was kept in the control booth of his housing unit, apparently to be made available to him on an as needed basis. Harrison alleges that on June 16, 2005, he was experiencing breathing difficulties and asked defendant, correctional officer Sample, for access to his asthma inhaler because of his breathing difficulties. Sample refused, and told Harrison to wait until the 9:00 p.m. inmate count, which apparently was more than two hours later, when the unit staff could bring the inhaler to Harrison. About 15 minutes later, Harrison asked again for the inhaler and Sample again refused. Harrison then had an asthma attack, blacked out and lost consciousness. He fell to the floor of his cell. he indicates that he was there for a couple of hours, unattended. Harrison alleges that Sample violated his constitutional rights. Liberally construed, the allegations of the complaint state cognizable claims for relief under 42 U.S.C. § 1983 for an Eighth Amendment violation based on Sample's alleged deliberate indifference to Harrison's medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's complaint states a claim for relief under 42 U.S.C. § 1983 against defendant for an Eighth Amendment violation. Only one defendant was named in the complaint and he has been served with process. There is no need for a further service of process order.

2. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

       a.    Defendant must file and serve a motion for summary judgment no later than **July 13, 2007**. If defendant is of the opinion that this case cannot be resolved by summary judgment, he must so inform the court prior to the date the motion is due.

       b.    Plaintiff's opposition to the summary judgment motion must be filed with the court and served upon defendant's counsel no later than **August 17, 2007**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

       c.    Defendant must file and serve his reply brief, if any, no later than **August 31, 2007**.

    3.    All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent

    4.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    5.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely

fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

6. Plaintiff is cautioned that he must include the case name and case number for this action on any document he submits to the court for consideration in this case.

7. Both parties must write the case number to include the pro se prisoner case designation of "(pr)". That is, the case number is to be written as C 07-959 SI (pr) on all filings in this action.

8. Defendants' motion for the court to review the complaint pursuant to 28 U.S.C. § 1915A is GRANTED. (Docket # 2.) This order provides that review.

IT IS SO ORDERED.

Dated: May 4, 2007

_____
SUSAN ILLSTON
United States District Judge

4