UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HARRISON, | No. C 07-959 SI (pr) |
| Plaintiff, | **ORDER DENYING APPOINTMENT OF COUNSEL AND EXTENDING DEADLINES** |
| v. | |
| Officer J. SAMPLE; et al., | |
| Defendants. | |

Plaintiff has filed a motion for appointment of counsel. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident. The fact that plaintiff and some of his witnesses will be deposed does not warrant the appointment of counsel. The motion for appointment of counsel is DENIED. (Docket # 13.)

Defendant has filed an ex parte application for a sixty-day extension of time to file a dispositive motion. Upon due consideration of the application and the accompanying declaration of attorney Scott Feudale, the court GRANTS the application. (Docket # 10.) The court now sets the following new briefing schedule for dispositive motions:

1.  Defendant must file and serve his dispositive motion no later than **November 2, 2007**.

2.  Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **December 7, 2007**.

3.  Defendant must file and serve his reply brief, if any, no later than **December 21, 2007**.

Plaintiff sent a "notice of inquiry" in which he asked about the status of defendant's application for extension of time and a proposed order he received with that application. This order grants the defendant's application. As to the proposed order, it was not the order of the court but merely a proposed order that a party is required to submit with any motion or application – which should have been apparent to him as the first word in the caption of it was "proposed" and it was not signed by the court.

IT IS SO ORDERED.

Dated: September 21, 2007

_____
SUSAN ILLSTON
United States District Judge

2